UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

OSMAR JOSE ESCALONA-RIVAS,

Petitioner,

v.

UNKNOWN PARTY et al.,

Respondents.

Case No. 1:26-cv-2767

Honorable Jane M. Beckering

**OPINION**

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the North Lake Processing Center located in Baldwin, Lake County, Michigan, initiated this action by filing a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will conditionally grant Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

**Discussion**

**I. Procedural History**

In Petitioner's § 2241 petition, he challenges the constitutionality of his current detention following an order issued by the Detroit Immigration Court denying him bond, and asks the Court to, *inter alia*, issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ordering Respondents to release Petitioner. (Pet., ECF No. 1, PageID.6–7 (indicating that Petitioner challenges his detention without "an adequate individualized assessment" "under the applicable legal standards").) In an order entered on October 6, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus should not be granted. (Order, ECF No. 7.)

Respondents filed their response and a recording of September 22, 2026, bond hearing on October 9, 2026, (Resp., ECF No. 8; Recording of Sep. 22, 2026, Bond Hearing, filed on Oct. 9, 2026).[1]

## II. Relevant Factual Background

Petitioner is a citizen of Venezuela who entered the United States in 2023. (Notice to Appear (NTA), ECF No. 8-1, PageID.60.) On August 3, 2026, Petitioner was arrested by ICE in Miami Beach, Florida. (Pet'r's. Br., ECF No. 2, PageID.31.)

On September 22, 2026, Petitioner received a bond hearing pursuant to § 1226(a). (Pet., ECF No. 1, PageID.6.) At the conclusion of the September 22, 2026, hearing, the immigration judge denied Petitioner's request for bond because Petitioner "failed to show he was not a flight risk." (Immigration Judge Order, ECF No. 1-1, PageID.11.)

## III. Analysis

Respondents argue that the Court should deny Petitioner's § 2241 petition due to a lack of jurisdiction and Petitioner's failure to exhaust Petitioner's administrative remedies, as well as on the merits. The Court has fully addressed these issues and Respondents' arguments in *Soto-Medina v. Lynch*, 817 F. Supp. 3d 612 (W.D. Mich. 2026). Therefore, for the reasons set forth in *Soto-Medina*, the Court will conditionally grant Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## IV. Other Claims and Other Forms of Relief

Because the Court will conditionally grant Petitioner's § 2241 petition as set forth herein, the Court does not address other claims and other requested relief in Petitioner's § 2241 petition.

---

[1] On October 15, 2026, Petitioner filed a motion for an extension of time to file his reply. (ECF No. 10.) As set forth herein, the Court will conditionally grant Petitioner's § 2241 petition, which resolves the case. Therefore, the Court concludes that additional briefing is not needed to resolve the matter, and the entry of this opinion and the corresponding judgment moots Petitioner's pending motion.

## **Conclusion**

The Court will order Respondents to provide Petitioner with an individualized bond hearing before an immigration judge, at which time the government will have the burden to demonstrate dangerousness or flight risk by clear and convincing evidence, within five business days and with notice to the Parties as soon as practicable, no later than 24 hours prior to the scheduled hearing, or, in the alternative, immediately release Petitioner from custody. The Court will also order Respondents to file a status report within six business days of the date of this Court's opinion and judgment to certify compliance with this opinion and the corresponding judgment. The status report shall include if and when the bond hearing occurred, if bond was granted or denied, and if bond was granted, the conditions of the bond, or if bond was denied, the reasons for the denial.

Dated: October 19, 2026

/s/ Jane M. Beckering
Jane M. Beckering
United States District Judge